IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY LYNN ECKENRODE, SR., | : | CIVIL ACTION NO. **1:CV-13-1228** |
| Plaintiff | : | (Chief Judge Kane) |
| v. | : | (Magistrate Judge Blewitt) |
| ANDREW GROVE, | : | |
| Defendant | : | |

## **REPORT AND RECOMMENDATION**

**I.   Background**.

On May 6, 2013, Plaintiff Gregory Lynn Eckenrode, Sr., a resident at 153 East Catherine Street, Chambersburg, Franklin County, Pennsylvania, filed, *pro se*, the instant 2-page handwritten form Complaint raising state law claims of assault, libel and slander. (Doc. 1).  The Clerk of Court docked this case as being filed under 42 U.S.C. § 1981, Civil Rights.  Plaintiff also filed Motion for Leave to Proceed *in forma pauperis*.  (Doc. 2).  Plaintiff names as his sole Defendant Andrew Grove.  Plaintiff indicates that Defendant Grove resides as 187 Colonial Drive, North Gunford Hill, Chambersburg, Franklin County, Pennsylvania.

On his Civil Cover Sheet filed with his Complaint, Plaintiff indicated that his case was for assault, libel and slander.  (Doc. 1-1).  Plaintiff stated that he was discriminated at his place of employment by Defendant Grove, a co-worker.   Plaintiff incorrectly indicated that this Court had federal jurisdiction over his case since the U.S. Government was the Plaintiff.   We find that Plaintiff is actually asserting only a Pennsylvania state law tort claim of slander against Defendant Grove, a former co-worker of Plaintiff and a private citizen.  As such, we do not find that this federal Court has jurisdiction over this

case.

Plaintiff attached to his Complaint as an Exhibit a copy of the Pennsylvania Human Relations Commission's ("PHRC") Findings with respect to Plaintiff's retaliation charge he filed against his former employer, Schadd Detective Agency, Inc. (Doc. 1, pp. 3-4). Plaintiff was hired by Schadd Detective Agency as a Security Officer for the Agency's client, Knouse Foods. Plaintiff's race is "White." Plaintiff claimed that Schadd Detective Agency discharged him from employment as retaliation for his opposition to an unlawful act of discrimination in the work place. It appears that Plaintiff also jointly filed a charge with the EEOC. Plaintiff only attached to his Complaint two of the three pages of the PHRC's Findings. In his PHRC charge, Plaintiff claimed that "on April 14, 2012, he reported racially offensive statements made by his coworker, [Security] Officer Andrew Grove [of the Schadd Detective Agency], including referring to Mexican-Americans as 'Spics,'" to the President of the Schadd Detective Agency as well as to his supervisors. Plaintiff claimed that in retaliation for reporting the derogatory comments, he was disciplined on April 20, 2012, for "dropping a phone call" at Knouse Foods, where he worked as a security guard for Schadd Detective Agency, and he was advised that he would be transferred to another client which utilized the services of Schadd Detective Agency at another location. Plaintiff also claimed that this amounted to a constructive discharge since Schadd Detective Agency knew that he did not have transportation to work at the other location of the company's client.

In its Findings, the PHRC found that on February 6, 2012, Plaintiff reported to his supervisor at Schadd Detective Agency that Grove "stated [to Plaintiff] that because his [Grove's] skin was not as dark as his shirt, that is why he [Grove] is not allowed to get his Act #235." The PHRC's Findings also indicated taht Gorve was given sensitivity training due to his remarks, and that he was shown a film on

diversity awareness and sexual harassment in the workplace. A supervisor of Schadd Detective Agency then met with Plaintiff and Grove and, Grove apologized to Plaintiff. Plaintiff accepted the apology. The PHRC also seemed to find that Plaintiff was properly disciplined by Schadd Detective Agency for repeatedly dropping phone calls and "messing up the phone" for Knouse Foods where he worked for the Agency. The PHRC also found that "[t]here is no evidence that [Plaintiff ] reported any racial slurs to [Schadd Detective Agency] on or aobut April 14, 2012, as alleged in his [PHRC charge]. (*Id.*). Thus, it appears that the PHRC dismissed Plaintiff 's charge against Schadd Detective Agency.

In his present Complaint against Defendant Grove, Plaintiff alleges that on "2/6/2012" Grove "made false splurs (sic) to the effect useing (sic) the words 'spiks' and running down Blacks/Mexicans." (Doc. 1, pp. 1-2). Plaintiff also alleges that Defendant Grove stated "all spiks need to be back where they came from." Further, Plaintiff avers that Defendant Grove made a "splur (sic)" "towards Blacks, with [Grove] saying if his [Grove's] skin was the color of his uniform (Black) he [Grove] would get what he wanted." Plaintiff states that Defendant Grove made the remarks when they both were working for Schadd Detective Agency at Knouse Foods as security guards. Plaintiff concludes his claim by stating that he feels Defendant Grove "discriminated me, knowing I have a Blended Family."

As relief in his Complaint, Plaintiff requests the Court to find Defendant Grove "guilty and to answer to the charges against him." Plaintiff also reuqests the Court to order Defendant Grove to pay him "restitution and monetary expensives (sic)." (*Id.*, p. 2).

Since Plaintiff is a pro se litigant, we msut consture his Complaint liberally. *See Higgs v. United States Attorney General*, 655 F.3d 333, 339 (3d cir. 2011). As stated, we find that Plaintiff's Complaint only raises a state law tort claim of slander against Defendant Grove, a private citizen. We do not find

3

that Plaintiff has stated a §1981 claim or a claim under Title VII against Defendant Grove. Also, it is clear that Defendant Grove is not a state or federal official, and Grove was not Plaintiff's employer. Nor does Plaintiff aver that any of his constitutional rights were violated.

Plaintiff's Complaint has not yet been served on Defendant. We are obliged to screen Plaintiff's Complaint.

**II.     Standards of Review**.

   *1. Screening pro se in forma pauperis Complaints*

As stated, Plaintiff has filed an application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (Doc. 2). Because Plaintiff has filed a Motion to Proceed *in forma pauperis,* we are obliged to screen Plaintiff's pleading under 28 U.S.C. §1915(e) even though he does not complain about prison conditions. As the Court stated in *O'Connell v. Sobina*, 2008 WL 144199, *6 (W.D. Pa.), "Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons that are proceeding *in forma pauperis* and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a Defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)." In *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6, the Court stated:

> Once it has been decided that a plaintiff should be accorded *in forma pauperis* status, the court then considers whether the complaint may be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Douris v. Huff*, 2008 U.S. App. LEXIS 467, 469 (3d Cir. 2007); *see also Douris v. Newtown Borough, Inc.* 207 Fed.Appx. 242 (3d Cir. 2006). Section 1915(e)(2) provides:
> (2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that --
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal  - -

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.
>
> 28 U.S.C. § 1915(e)(2). This statute "is designed largely to discourage the filing of, and waste of, judicial and private resources upon baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11." *Neitzke v. Williams*, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989) (stating that "[dismissals on these grounds are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints"). While the original statute permitted sua sponte dismissal only if an action was frivolous or malicious, Congress included failure to state a claim and seeking monetary relief from a defendant immune from suit as additional grounds for sua sponte dismissal of *in forma pauperis* cases. *Jones v. Bock*, 127 S.Ct. 910, 920, 166 L.Ed.2d 798 (2007); §1915(e)(2)(B) (2000 ed.); 28 U.S.C. § 1915(d)( (1994 ed.).

*See also Wright v. Loftus*, Civil No. 09-1305, M.D. Pa., 11-20-09 Memorandum, p. 4; *Klatch-Maynard v. ENT Surgical Associates*, Civil No. 09-1963, M.D. Pa.

Thus, § 1915(e) obligates the Court to engage in a screening process when a person wishes to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. *See McCain v. Episcopal Hosp.*, 350 Fed.Appx. at 604. Section 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See Sobina*, 2008 WL 144199, at *3; *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.); *Tourscher v. McCullough,* 184 F.3d 236, 240 (3d Cir. 1999).

5

### *2. Motion to Dismiss Standard*

In *Reisinger v. Luzerne County*, 712 F.Supp. 2d 332, 343-344 (M.D. Pa. 2010), the Court stated:

> The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).
>
> [D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the

> reviewing court to draw on its judicial experience and common sense." *Id.*
>
> *Fowler,* 578 F.3d at 210-11.
>
> The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " Guirguis v. Movers Specialty Services, Inc., No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) (quoting *Twombly*, 550 U.S. at 555) (not precedential).

### III. Discussion.

Initially, federal courts have an obligation to address issues of subject matter jurisdiction *sua sponte*. *See Shaffer v. GTE North, Inc.*, 284 F.3d 500, 502 (3d Cir. 2002)(citing *Club Comanche, Inc. v. Gov't of the Virgin Islands*, 278 F. 3d 250, 255 (3d Cir. 2002)); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003); *Williams v. Chatman*, 510 F.3d 1290, 1293 (11th Cir. 2004)("Federal courts are 'obligated to inquire into subject-matter jurisdiction *sua sponte* whenever it may be lacking.'").

Furthermore, federal courts have subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C § 1331. However, "federal courts have federal question jurisdiction only when a federal claim appears in the complaint." *Turner v. Spaley*, WL 4842256, (3d. Cir 2012)(citing *Levine v. United Healthcare Corp.*, 402 F.3d 156, 162 (3d Cir. 2005)); *see also Gonzalez v. Thaler*, U.S., 132 S.Ct. 641, 648 181 L.Ed.2d 619 (2012)("Subject-matter jurisdiction can never be waived or forfeited. The objections may be resurrected at any point in the litigation[.]") Additionally, "a district court has a continuing obligation to satisfy itself of its jurisdiction and authority to hear and determine every matter." *Id.*

As stated above, Plaintiff filed his form Complaint (Doc. 1) raising state law tort claims for assault, slander and libel and, he incorrectly indicated that this federal Court had jurisdiction since the U.S. Government was the Plaintiff. As mentioned, Plaintiff does not indicate that Defendant Grove is a state or federal official, and he does not allege that any of his constitutional rights were violated. Thus, Plaintiff's Complaint is not a civil rights action under either 28 U.S.C. § 1331 or 42 U.S.C. § 1983. Further, we do not find that Plaintiff's Complaint falls under 42 U.S.C. 1981, as docketed by the Clerk of Court.

"The elements of a [42 U.S.C. § 1981] claim are identical to those for a claim of employment discrimination under Title VII." *Seldon v. National R.R. Passenger Corp.*, 452 F.Supp.2d 604, 608 (E.D. Pa. 2006)(citations omitted). Section 1981 prohibits "racial discrimination in the making and enforcement of contracts." *Id.* Also, §1981 "applies to employment contracts and provides 'a federal remedy against discrimination in private employment on the basis of race.'" *Id.*(quoting *Johnson v. Railway Express Agency, Inc.*, 421 U.S. 454, 95 S.Ct. 1716 (1975)).

Under Title VII, to establish a prima facie case of discrimination, a Plaintiff must show that: "(1) that she is a member of a protected class; (2) that she was subject to an adverse employment action; and (3) that similarly situated members of other racial classes were treated more favorably or that other circumstances exist that give rise to an inference of unlawful discrimination." *Seldon v. National R.R. Passenger Corp.*, 452 F.Supp.2d at 608.(citation omitted).

Insofar as Plaintiff may be raising a Title VII retaliation claim, Plaintiff had to plead, in accordance with Rule 8(a) requirements of factual sufficiency, that he was engaged in a protected activity, that an adverse employment action was taken against him in response to the exercise of a

8

protected activity, and that a causal link exists between the protected activity and the adverse employment action. *Id.*(citation omitted); *see also Farrell v. Planters Lifesavers Company*, 206 F.3d 271, 279 (3d Cir. 2000).

It is not clear if Plaintiff Eckenrode is trying to raise an employment discrimination claim against Defendant Grove, his former co-worker as a security guard. To the extent Plaintiff is deemed as raising such a claim, we do not find that he properly states any possible federal employment claim against Defendant Grove either under Title VII or under §1981.

In *Slater v. Susquehanna County*, 631 F.Supp. 2d 653, 662 (M.D. Pa. 2009) the Court stated:

> Section 704(a) of Title VII provides:
>
>> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment ... or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this title, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this title.

A Plaintiff asserting an employment discrimination claim under Title VII is required to exhaust all administrative remedies before filing an action in federal court. 42 U.S.C. § 2000e–5(e); *Antol v. Perry,* 82 F.3d 1291, 1295 (3d Cir.1996); *DeLa Cruz v. Piccari Press,* 521 F.Supp.2d 424, 431 (E.D.Pa. 2007). In order to exhaust administrative remedies, Plaintiff must "file a timely discrimination charge with the EEOC." *DeLa Cruz,* 521 F.Supp.2d at 431 (citing *Waiters v. Parsons,* 729 F.2d 233, 237 (3d Cir.1984)). Under Title VII, Plaintiff must file her charge of employment discrimination with the EEOC within 180 days of the last claimed act of discrimination. 42 U.S.C.

9

§ 20002-5(e)(1); *Oshiver v. Levin,* 38 F.3d 1380, 1385 (3d Cir.1994). After Plaintiff files a discrimination charge with the EEOC, the EEOC will investigate the charge. Plaintiff must then wait until the EEOC issues a right-to-sue letter before she can file an action in federal court. *Burgh v. Borough Council,* 251 F.3d 465, 470 (3d Cir.2001). Once the EEOC issues a decision regarding a discrimination complaint, a party is required to file a civil action in federal court within 90 days of the EEOC decision. *McIntyre v. City of Wilmington*, 360 Fed. Appx. 355, 357 n. 3 (3d Cir. 2010). In *Murray v. DiGuglielmo*, 363 Fed.Appx. 851 (3d Cir. 2010), the Third Circuit Court stated that "[a] Complaint may properly be dismissed for failure to state a claim on statute of limitations grounds if the untimeliness of the Complaint is apparent on its face.")(citing *Oshiver v. Levin*, 38 F.3d 1380, 1384 n. 1 (3d Cir. 1994)). As stated, Plaintiff jointly filed his employment discrimination charge against Schaad Detective Agency with the PHRC and the EEOC. Since Plaintiff did not include the last page of the PHRC's Findings with the date the PHRC made its decision, it is not clear if Plaintiff filed his instant civil action in federal court within 90 days of the PHRC decision. Regardless, Plaintiff did not file the charge against Defendant Grove and Grove was not Plaintiff's employer.

Plaintiff Eckenrode does not allege that he had an employment contract with Defendant Grove who was simply Plaintiff's co-worker who allegedly made racially offensive statements to Plaintiff in the work place. As mentioned, Plaintiff's own Exhibit shows that he was not a member of a protected class. Nor does Plaintiff allege that Defendant Grove, his co-worker as a security guard at Knouse Foods, took any adverse employment action against him.

Thus, we do not find that Plaintiff has stated any federal claim against Defendant Grove, including under Title VII and §1981. Moreover, we find that this federal Court lacks subject matter

jurisdiction over Plaintiff 's case and his state law tort claims against Defendant Grove.

Additionally, as relief, Plaintiff requests this Court to direct Defendant Grove to answer the charges against him and to find Grove "guilty," implicating that Grove broke federal and/or state criminal laws. Insofar as Plaintiff is seeking this Court to criminally charge and punish Defendant for his alleged illegal behavior, such a request should be dismissed with prejudice. To the extent that Plaintiff is alleging in his Complaint that Defendant Grove's conduct violated criminal law and he is deemed as seeking, in part, the initiation of criminal prosecution against Defendant, this Court cannot grant as relief in the present civil case the initiation of any criminal prosecution. The Third Circuit has held that a private person in a federal civil action could not impose criminal liability on a defendant because he lacked standing to do so. *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential). This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct in this federal civil action. *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd., in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is alleging that Defendant Grove violated federal and/or state criminal laws and he seeking this Court to criminally charge and punish Defendant for his alleged illegal behavior, this claim is subject to dismissal with prejudice. *See Ross v. Pennsylvania Bd. of Probation and Parole*, 2012 WL 3560819, *5 n. 3 (M.D. Pa August 16, 2012). Based on well-settled law, we find futility and undue prejudice to Defendant in granting Plaintiff leave to amend any claim seeking this Court to criminally charge and punish Defendant.

Based on our above discussion, we will recommend that the Court transfer Plaintiff 's Complaint rasing only state law tort claims against a private citizen of the same state, to the Court of Common Pleas of Franklin County, PA, where both Plaintiff and Defendant reside. In light of the above, we find that the Court should not allow Plaintiff leave to amend his Complaint with respect to any federal claim against Defendant Grove since it would be futile. *See Grayson v. Mayview State Hospital*, 293 F.3d 103, 111 (3d Cir. 2002); *See Alston v. Parker*, 363 F.3d 229, 235-236 (3d Cir. 2004).

IV. **Recommendation.**

Based on the foregoing, it is respectfully recommend that the Court transfer Plaintiff's Complaint **(Doc. 1)** against Defendant Grove to the Court of Common Pleas of Franklin County, PA. It is also recommended that the Court allow the County Court to rule on Plaintiff's Motion for Leave to Proceed *in forma pauperis*. **(Doc. 2).**

_____

    s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 9, 2013**

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREGORY LYNN ECKENRODE, SR., | : | CIVIL ACTION NO. **1:CV-13-1228** |
| | : | |
| Plaintiff | : | (Chief Judge Kane) |
| | : | |
| v. | : | (Magistrate Judge Blewitt) |
| | : | |
| ANDREW GROVE, | : | |
| | : | |
| Defendant | : | |

# NOTICE

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing **Report and Recommendation** dated **May 9, 2013.**

Any party may obtain a review of the Report and Recommendation pursuant to Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basi of that record.  The judge may also receive further evidence, recall

witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to our foregoing Report and Recommendation may constitute a waiver of any appellate rights.



s/ Thomas M. Blewitt
**THOMAS M. BLEWITT**
**United States Magistrate Judge**



**Dated: May 9, 2013**