# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GREGORY L. ECKENRODE, SR.,** | : | |
| Plaintiff | : | No. 1:13-cv-1228 |
| | : | |
| v. | : | (Chief Judge Kane) |
| | : | |
| **ANDREW GROVE,** | : | (Magistrate Judge Blewitt) |
| Defendant | : | |

## MEMORANDUM ORDER

Before the Court is Magistrate Judge Blewitt's Report and Recommendation of May 9, 2013, recommending that the Court transfer Plaintiff's complaint to the Court of Common Pleas of Franklin County, Pennsylvania. (Doc. No. 5.) Plaintiff Gregory Lynn Eckenrode, Sr., objected to Magistrate Judge Blewitt's Report and Recommendation on May 14, 2013. (Doc. No. 6.) The Court will adopt the reasoning of the Report and Recommendation, and dismiss Plaintiff's federal claims. However, the Court will not transfer this case to the Court of Common Pleas of Franklin County, Pennsylvania. Instead, the Court will dismiss the complaint without prejudice to Plaintiff's right to file a complaint in state court.

## I. BACKGROUND

On May 6, 2013, Plaintiff filed a complaint against Defendant Andrew Grove, a former colleague of Plaintiff's at Schaad Detective Agency, Inc. (Doc. No. 1.) In his complaint, Plaintiff states that he is seeking redress for assault, libel, and slander. (Id. ¶ 1.) Plaintiff alleges that, in August 2012, at the workplace, Defendant Grove made racial slurs about African-Americans and Mexicans. (Id. ¶ 3.) Therefore, Plaintiff asks the Court to find the Defendant "guilty and to answer to the charges against him, and to be ordered to pay some kind of restitution and monetary expenses to the plaintiff." (Id. ¶ 4.) Plaintiff attached the first two pages of the three-page findings of the Pennsylvania Human Relations Commission in a case that

he initiated against his employer, Schaad Detective Agency, Inc.

In his well-reasoned Report and Recommendation, Magistrate Judge Blewitt screened Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e), liberally construing the complaint in light of Plaintiff's pro se status. (Doc. No. 5 at 3.) Magistrate Judge Blewitt determined that Plaintiff's complaint only raises a state-law tort claim of slander against Defendant Grove, and did not state a claim for employment discrimination under 42 U.S.C. § 1981 or Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. Finding that Plaintiff's complaint did not aver that any of his constitutional rights were violated by Defendant Grove, and that Defendant Grove was not Plaintiff's employer, Magistrate Judge Blewitt found that the Court did not have jurisdiction over Plaintiff's complaint. (Id. at 3-4.)

## II.   DISCUSSION

The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify a Report and Recommendation, a Court must make a de novo determination of those portions of the Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

On May 14, 2013, Plaintiff filed a set of objections to the Report and Recommendation. (Doc. No. 6.) In his objections, Plaintiff insists that Defendant Grove violated his constitutional right to work in a "racial free environment." (Id.) Moreover, Plaintiff insists that he is pursuing an employment discrimination claim against Defendant Andrew Grove. (Id.) However, for the reasons set forth in Magistrate Judge Blewitt's Report and Recommendation, Plaintiff has failed to state a civil rights claim against Defendant Grove. (See Doc. No. 5 at 9-11.) Namely, Plaintiff's complaint makes clear that Defendant Grove was not Plaintiff's employer, as required

to state a claim under 42 U.S.C. § 1981 and Title VII; moreover, Defendant Grove is not a state actor, and was not named as a respondent in Plaintiff's Pennsylvania Human Relations Commission charge. While the Constitution protects against racial discrimination in the workplace, Plaintiff has failed to state a federal claim against Defendant Grove. Because Plaintiff has not raised any viable federal claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over his state-law claims pursuant to 28 U.S.C. § 1367(c)(3).

### III. CONCLUSION

While the Court adopts the reasoning of Magistrate Judge Blewitt's Report and Recommendation, and will adopt the portion of his Report and Recommendation in which he recommends dismissing Plaintiff's federal claims, the Court will not adopt his recommendation that the Court transfer this case to the Court of Common Pleas of Franklin County, Pennsylvania. Instead, the Court will dismiss Plaintiff's complaint without prejudice to his right to re-file in state court.

**ACCORDINGLY**, on this 18th day of July 2013, **IT IS HEREBY ORDERED THAT** Magistrate Judge Blewitt's Report and Recommendation is **ADOPTED IN PART** and Plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** to his right to file an action in state court seeking redress for his state-law tort claim.

The Clerk of Court is directed to close the case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania